## STATE vs. JOSEPH BARINO.

1. CRIMINAL LAW—WEIGHT OF TESTIMONY IS FOR JURY.

   The jury are the judges of the weight and value of the testimony.

2. CRIMINAL LAW—WHETHER CIRCUMSTANCES MAKE NEGATIVE TESTIMONY STRONG AFFIRMATIVE TESTIMONY FOR THE JURY.

   Ordinarily positive testimony is of more value than negative testimony, but circumstances may be shown which make such negative testimony strong affirmative evidence; and it is for jury to say whether in the particular case such circumstances have been shown.

3. CRIMINAL LAW—TESTIMONY THAT WITNESS SAW THE ACT COMMITTED STRONGER THAN THAT OF ANOTHER PRESENT WHO DID NOT SEE IT.

   The testimony of a witness who swears that he saw the act committed is to be given more weight than the testimony of another witness who swears that he was present and did not see the commission of the act.

4. CRIMINAL LAW—WHERE EVIDENCE IS CONFLICTING JURY SHOULD ACCEPT THAT MOST CREDIBLE.

   Jury should reconcile conflict in testimony, if possible, but, if impossible, should accept the testimony most worthy of credit, considering the intelligence or ignorance of witnesses, their interest or bias, if any, their manner in testifying, their opportunity of observing and knowing things testified to, and other circumstances indicating reliability or unreliability of their testimony.

(*September* 30, 1919.)

PENNEWILL, C. J., and CONRAD and RICE, J. J., sitting.

*David J. Reinhardt*, Attorney-General, *P. Warren Green*, Deputy Attorney-General, and *Frank L. Speakman*, Deputy Attorney-General, for the State.

*Leonard E. Wales* and *John W. Brady* for the defendant.

Court of Oyer and Terminer for New Castle County, September Term, 1919.

INDICTMENT No. 137, September Term, 1919.

Joseph Barino was indicted for murder in the first degree. Verdict of guilty of murder in the second degree.

Evidence was introduced to show that Andonio Pietropicalo was shot and killed by Joseph Barino on a public street in the city of Wilmington about 12:30 in the daytime, in the presence of several witnesses.

The state's' testimony was to the effect that, while the deceased was in an altercation with one C., the accused, a brother-n-law of C., came up with a revolver and shot the deceased while standing behind C.

Testimony was introduced for the accused to the effect that the deceased was shot by C. in a pistol duel between C. and the deceased. The state showed that the revolver used by C., which was admitted into evidence, was full of undischarged cartridges. There was conflict in the testimony. One witness for the state testified that he saw the accused shoot the deceased, and others testified that they saw the accused coming from his home towards the scene of the crime with a revolver. There were witnesses for the defendant who testified that they did not see the accused present at any time at the place and time of the shooting and some testified that he was not there.

PENNEWILL, C. J., after charging the jury upon the law of homicide as in *State v. Russo*, 1 *Boyce*, 538, 77 *Atl.* 743, and after calling their attention to *chapter* 266, *vol.* 29, *Laws of Delaware*, as in *State v. Jaroslowski. ante*, 103 *Atl.* 657, further instructed the jury:

[1, 3] While the jury are the judges of the weight and value of the testimony, we may say that ordinarily positive testimony is of more value than mere negative testimony. For example, the testimony of a witness who swears that he saw the act committed is to be given more weight than the testimony of another witness who swears that he was present and did not see the commission of the act.

But circumstances may be shown which make such negative testimony strong affirmative evidence, and it is for the jury to say whether in the particular case such circumstances have been shown.

[4] Where there is conflict in the testimony, it is the duty of the jury to reconcile it, if they can, and, if they cannot do so, they should accept such testimony as they consider under the circumstances most worthy of credit, having regard to the intelligence or ignorance of the witnesses, their interest or bias, if any

Charge—Verdict.

is shown, their bearing or manner in giving their testimony, their opportunity of observing and knowing the things respecting which they testified, and any other facts or circumstances that indicate the reliability or unreliability of their testimony.

Verdict, guilty of murder of the second degree.